| | | |
|---|---|---|
| **DAVID GORDON OPPENHEIMER,** § | | |
| Plaintiff, § | CA No. _____ | |
| § | | |
| v. § | | |
| § | | |
| **KIMLEY-HORN AND ASSOCIATES, INC.** § | | |
| § | **JURY DEMANDED** | |
| Defendants. § | | |

## ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendant, Kimley-Horn and Associates, Inc. ("KHAI" or "Defendant"), alleges:

### JURISDICTION/VENUE

1. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act).

2. Subject matter and personal jurisdiction are vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

## THE PARTIES

3. Plaintiff is a citizen of North Carolina engaged in the business of professional photography and resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

4. KHAI is a foreign corporation organized under the laws of the State of North Carolina and conducting business at 421 Fayetteville Street, Suite 600, Raleigh, North Carolina 27601. KHAI will receive actual notice of this complaint by service upon its registered agent, CT Corporation, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604-1101 or wherever it may be found.

## INTRODUCTORY FACTS

5. Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in the aerial photograph at issue in this matter (the "Work" **Exhibit 1**).

6. Oppenheimer makes his photographic works available for perusal and licensing online at his website http://www.performanceimpressions.com.

7. Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.*, and all other laws governing federal copyright applicable to the Work and registered the copyright with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as **Exhibit 2** is a true and correct copy of the certificate of registration issued for this work, entitled *"2012 Bonaroo Music Festival Photos by David Oppenheimer"* bearing certificate number VAu 1-102-552, and the photograph on deposit at the U.S. Copyright Office for said registration certificate.

8. At all relevant times hereto, Oppenheimer was and continues to be the sole owner of all rights, titles, and interests in and to the Work. Oppenheimer's copyrights in the above-described Work are presently valid and subsisting, were valid and subsisting from the moment of the Work's creation, and all conditions precedent to the filing of this suit have occurred.

9. For many years, it has been Oppenheimer's custom and business practice to display his copyright management information ("CMI") on his copyright registered photographs when they are first published by him, and thereafter. When published by Oppenheimer, the Work at issue in this case prominently displayed his CMI in the caption, with a facial watermark, and embedded in the metadata of the Work. Thus, Defendant was on notice that the Work was copyright protected.

10. Fewer than three (3) years before this filing, Oppenheimer discovered that the Defendant, and/or someone at its direction and for its benefit, infringed his copyrights by copying, distributing, and/or displaying his protected Work in order to advertise and market its business on the following Universal Resource Locators ("URLs"):

**Webpage URL:** http://www.nationalruralitsconference.org/wp-content/uploads/2018/04/S1_Waldschmidt.pdf

**Image URL:** Embedded in PDF - Extracted and attached with filenames "Infringing Image 01" and "Infringing Image 02"

See **Exhibit 3 – The Infringed Work.**

11. Upon information and belief, the Defendant, and/or someone at its direction, located and accessed Oppenheimer's Work at https://www.performanceimpressions.com, then downloaded (or copied) the Work, and then publicly displayed the same on the Web.

12. On or about August 1, 2022, Oppenheimer's attorney sent a formal letter to the Defendant-Infringer identifying all the known infringing URLs demanding that Defendant cease and desist from its ongoing infringements, and asking for information about the uses to which the Work had been put, revenue received, and the like (**Exhibit 4**).

13. After repeated demands for the Defendant to cease and desist in its infringements, and to resolve Oppenheimer's claims, it became clear that Defendant is contemptuous of Oppenheimer's copyrights, and suit has thus become necessary.

## CAUSES OF ACTION

### COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

14. Oppenheimer re-alleges and incorporates paragraphs 1 – 13 above as if recited *verbatim*.

15. Defendant has non-willfully infringed Oppenheimer's copyrights in and to the Work by scanning, copying, reproducing, distributing, displaying, publishing, and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17.

16. Upon information and belief, Defendant has benefitted from the infringement of the Work, while Oppenheimer has suffered and will continue to suffer damages, irreparable injury to his business, reputation, and goodwill; therefore, Oppenheimer is entitled to injunctive relief, disgorgement of Defendant's profits, and other relief set forth in the Title.

## COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT

17. Oppenheimer re-alleges and incorporates paragraphs 1 – 13 above as if recited *verbatim*.

18. Alternatively, Defendant has recklessly/willfully infringed Oppenheimer's copyrights in and to the Work by scanning, copying, reproducing, distributing, displaying, publishing, and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17.

19. As is his pattern and practice, Oppenheimer had clearly marked the Work with notices of copyright and additional CMI — including with a legible facial watermark, embedded metadata, and/or in and adjacent caption — including a "©" notice of copyright, stating that all rights are reserved, licensing instructions, Oppenheimer's address, phone number, email, and website URL. Oppenheimer does this to distinguish his Work from the works of others in his field, to provide a way for potential licensees to contact him for the purpose of purchasing licenses, as well as to ensure that anyone who merely views his Work appreciates that he owns all rights and title to it.

20. Upon information and belief, the Defendant, and/or a third party acting on its behalf, saw Oppenheimer's copyright notice, but ignored it, and proceeded to use it without license or other authorization.

21. Therefore, because it had the opportunity to appreciate that Oppenheimer was the sole author and owner of the Work, and still used it without license or authorization, the Defendant is deemed a reckless/willful infringer of the Work.

22. Upon information and belief, the Defendant has benefitted from its infringements of the Work, while Oppenheimer has suffered and will continue to suffer

damages; therefore, Oppenheimer is entitled to injunctive relief, damages (including statutory damages or disgorgement of Defendants' profits), and other relief set forth in the Act.

## RELIEF REQUESTED

**WHEREFORE**, Oppenheimer respectfully requests that the Court enter judgment in its favor and against the Defendant as follows:

A. That Defendant, its agents, employees and/or servants be preliminarily and permanently enjoined from infringing Oppenheimer's copyright in any manner whatsoever and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images, and from using his images in sales, marketing, and/or advertising;

B. That Defendant provide an accounting of all gains, profits and advantages derived by them because of the willful and unlawful acts of copyright infringement above described;

C. That Defendant be ordered to pay over to Oppenheimer his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not considered in computing Oppenheimer's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. §504(b);

D. In the alternative, and at Oppenheimer's election after verdict, that Defendant be ordered to pay maximum statutory damages in the amount $150,000 *for each* Work infringed pursuant to 17 U.S.C. §504(c), or such other amount as the jury may deem appropriate;

E. That Defendant be ordered to pay to Oppenheimer all his Lodestar costs including reasonable attorney's fees pursuant to 17 U.S.C. § 504(c) and §505 and 17 U.S.C. §1203(b)(5); *and*

F. For such other and further relief as this court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

                **LEJUNE LAW FIRM**

By:    */s Dana A. LeJune*
Dana A. LeJune
Texas Bar: 12188250
**NC Bar: 49025**
dlejune@triallawyers.net
7 Orchard Street
Suite 200
Asheville, NC 28801
828-774-5800 Office

*Attorney for Plaintiff*